**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

_____

**In the Matter of the Search of
Information Associated with
RICKMAIKE@YAHOO.COM            Case No. 4:15mj-00042-HBB-JHM
that is stored at premises controlled
by YAHOO! Inc.**

_____

### ORDER

On December 8, 2015, the United States applied for a search warrant to be issued to Yahoo! Inc. for electronically stored information associated with an e-mail account address of rickmaike@yahoo.com. The warrant prepared by the United States commanded Yahoo! Inc. to produce the contents of all e-mails associated with the account, along with various identifying information related to communications and use of the account (DN 2). The warrant also specified a scope of information relevant to the investigation (Id.). The warrant further provided that the government, upon receipt of the information, would utilize a "taint team" to screen the information for any privileged communications (DN 2 at 7).

Maike filed a motion to quash the warrant (DN 6). He argued that he used the account for both business and personal purposes, including communication with legal counsel regarding investigations, civil suits and arbitration, and communication with company personnel at the direction of legal counsel (DN 6-1). He also asserted that the account contained privileged communications with his wife (Id.). Finally, he contended that some of the communications were the product of a joint defense between himself and others which would be subject to a common interest doctrine privilege (Id.). He protested that the "taint team" procedure set forth in the search warrant was inadequate to protect his privilege interests (Id.).

The undersigned agreed that the "taint team" structure set forth in the search warrant would not adequately protect Maike from disclosure of privileged communications contained in the e-mail account and issued a Report and Recommendation at DN 20 for the appointment of a Special Master to review contested documents and make a recommendation as to whether they were privileged communications. The District Judge adopted the Report and Recommendation and appointed Kenley Ames as Special Master (DN 21).

Special Master Ames has completed an exhaustive review of the contested documents and considered briefs submitted by the parties in support of their positions. She has filed a thorough Report and Recommendation at DN 56, in which she identifies the contested documents as either privileged or not afforded privilege. Pursuant to the Order of appointment, the parties were given 14 days after the filing of the Report and Recommendation in which to object, whereupon the undersigned would conduct a *de novo* review of any contested document. Neither party has filed an objection to the Report and Recommendation.

**WHEREFORE**, the Court adopts Special Master Ames' Report and Recommendation, DN 56. The United States may review those contested documents which Special Master Ames concluded are not entitled to privileged status. The United States may not review those contested documents which Special Master Ames concluded are entitled to privileged status.

**IT IS SO ORDERED**

Entered this

Copies to:  Counsel of Record